UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

| | |
|---|---|
| Tanya Franklin, individually and on behalf of all others similarly situated,<br><br>        Plaintiff(s),<br><br><br><br>  -v.-<br><br>Atlantic Credit & Finance, Inc.,<br><br>Midland Funding LLC,<br><br>and John Does 1-25.<br><br>        Defendant(s). | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tanya Franklin (hereinafter, "Plaintiff"), a Georgia resident, brings this Class Action Complaint by and through her attorneys, Mason Law Group, P.C., against Defendants Atlantic Credit & Finance, Inc. (hereinafter "Defendant ACF") and Midland Funding LLC (hereinafter "Defendant Midland"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

1

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Georgia consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Georgia, County of Clayton, residing at 22 Roundtree Road, Riverdale, GA, 30274.

8.     Defendant ACF is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 111 Franklin Road, SE, Suite 400, Roanoke, VA, 24011 with an address for service in the State of Georgia c/o the registered agent, Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, GA 30092.

9.   Upon information and belief, Defendant ACS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.   Defendant Midland is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3111 Camino Del Rio North, Suite 103, San Diego, CA, 92108 with an address for service in the State of Georgia c/o the registered agent, Corporation Service Company, 40 Technology Pkwy South, #300, Norcross, GA 30092.

11.   Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.   John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.   Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.   The Class consists of:

   a.   all individuals with addresses in the State of Georgia;

   b.   to whom Defendant ACF sent a collection letter attempting to collect a consumer debt;

    c.  on behalf of Defendant Midland;

    d.  that was sent within the 30-day time period of the initial collection letter;

    e.  containing legal threats and expiring settlement offers;

    f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15.  The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16.  Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17.  There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f and 1692g.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e,1692f and 1692g.

   c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have

claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an

individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to November 21, 2018, an obligation was allegedly incurred to Synchrony Bank by Plaintiff.

24. The Synchrony Bank obligation arose out of transactions in which money, property, insurance or services which were the subject of the transactions were used to purchase items primarily for personal, family or household purposes, specifically personal purchases made at Walmart.

25. The alleged Synchrony Bank Walmart obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26. Synchrony Bank is a "creditor" as defined by 15 U.S.C. §1692a(4).

27. Defendant Midland, a debt collector and the subsequent owner of the debt, contracted with Defendant ACF to collect the alleged debt.

28.   Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I – December 10, 2018 Collection Letter*

29.   On or about December 10, 2018, Defendant ACF sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Defendant Midland. **See Exhibit A**.

30.   The collection letter offers Plaintiff biweekly payments for $25.00 with the first payment due on 12/14/2018, four days after the date of this letter and still within the initial 30 days of the initial collection letter.

31.   When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

32.   This is known as the "G Notice letter," and in the case at hand is dated November 21, 2018 (attached hereto as Exhibit B).

33.   The second letter dated December 10, 2018 offers the Plaintiff less than the 30 original days from the November 21, 2018 letter to accept a discounted offer,  which overshadows the fact that Plaintiff has thirty (30) days from the date of receipt of the original letter to dispute and receive validation of the debt pursuant to the "G Notice."

34.   In addition, the second letter contains bold, large lettering on the top of the letter stating "PRE-LEGAL NOTIFICATION," and states: "This letter is to inform you that Midland Funding, LLC is considering forwarding this account to an attorney in your state for possible litigation."

35. This language only serves to threaten and harass the Plaintiff with threats of immediate litigation and coupled with the demand for urgent payment coerces and intimidates the Plaintiff to pay immediately and forgo her dispute rights.

36. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russel v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

37. Requiring payment to accept a payment plan within 30 days of the letter with the "G Notice" is confusing because the least sophisticated consumer would believe she had less than a month to receive the payment arrangement, which overshadows her right to validate or dispute the debt under the Fair Debt Collection Practices Act.

38. Plaintiff sustained an imminent risk of harm in that she was provided with false information about the alleged debt which prevented her from making reasonable decisions about whether to pay the debt.

39. As a result of Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.
### §1692e *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. Defendant violated said section by:

    a. Making a false and misleading representation in violation of §1692e(10).

44. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

47. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

48. Defendant violated this section by unfairly offering a payment plan to Plaintiff that was only available for a period of time which was less than the thirty-day validation and dispute period provided to consumers under the FDCPA and threatening immediate litigation.

49. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

52. Pursuant to 15 U.S.C. §1692g, any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

53. Defendant violated this section by unfairly offering a payment arrangement to Plaintiff which was available for less than thirty (30) days during the thirty day validation and dispute period provided by the FDCPA.

54. The payment plan which required the consumer to accept before the 30-day dispute period expired overshadowed Plaintiff's right to dispute the debt during the entire 30-day window.

55. Defendant also violated this section by sending a second letter during the 30-day dispute period with legal threats coercing the Plaintiff to pay.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tanya Franklin, individually and on behalf of all others similarly situated demands judgment from Defendant ACF and Defendant Midland as follows:

a.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan B. Mason, Esq. as Class Counsel;

b.    Awarding Plaintiff and the Class statutory damages;

c.    Awarding Plaintiff and the Class actual damages;

d.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e.    Awarding pre-judgment interest and post-judgment interest; and

f.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 16, 2019                    Respectfully Submitted,

MASON LAW GROUP, P.C.

*/s/ Jonathan B. Mason*
Jonathan B. Mason, Esq.
GA Bar No. 475659
1100 Peachtree St. NE, Ste 200
Atlanta, GA 30309
Phone: (404) 920-8040
Fax: (404) 920-8039
jmason@atlshowbizlaw.com
Attorneys For Plaintiff

## **Certificate of Compliance with Local Rule 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Dated: August 16, 2019                    Respectfully Submitted,

                                          **MASON LAW GROUP, P.C.**

                                          */s/ Jonathan B. Mason*
                                          Jonathan B. Mason, Esq.
                                          GA Bar No. 475659
                                          1100 Peachtree St. NE, Ste 200
                                          Atlanta, GA 30309
                                          Phone: (404) 920-8040
                                          Fax: (404) 920-8039
                                          jmason@atlshowbizlaw.com
                                          *Attorneys For Plaintiff*